**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS**

| | |
|---|---|
| SHEENA LEBLANC, | § |
| | § |
| Plaintiff, | § |
| | § Case No.: |
| v. | § |
| | § COMPLAINT AND DEMAND FOR JURY |
| EVANS LAW ASSOCIATES, P.C., | § TRIAL |
| | § |
| Defendant. | § (Unlawful Debt Collection Practices) |
| | § |

## **COMPLAINT**

SHEENA LEBLANC ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against EVANS LAW ASSOCIATES, P.C. ("Defendant"):

## **INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA"), and the Texas Fair Debt Collection Practices Act, which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## **JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States, and 28 U.S.C. § 1367 which grants this court supplemental jurisdiction over the state claims contained therein.

3. Defendant conducts business in the State of Texas; as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person, who resides in Port Arthur, Texas 77713.

6. Defendant is a debt collector, which maintains their headquarters at 3842 Harlem Road, Suite 400-329, Cheektowaga, New York 14215.

7. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. §1692(a)(5).

8. Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

9. At all relevant times, Defendants attempted to collect an alleged consumer debt from Plaintiff regarding a Chase Credit Card that is owed by Plaintiff's boyfriend.

10. The debt arose out of transactions that were for personal, family or household purposes.

11. Throughout December 2012, Defendant placed continuous and repeated telephone calls to Plaintiff.

12. Defendants' harassing collection calls originated from numbers including, but not limited to, (888) 397-2796, (832) 426-1117 and (832) 730-3682.  The undersigned has confirmed this number belongs to Defendant.

13. In early December 2012, Plaintiff spoke with Defendant's collector and clearly expressed that she did not owe the alleged debt, and not to call her again.

16. During the above conversation, Plaintiff also informed Defendant's collector that the credit card in dispute, was that of her boyfriend, who had since become incarcerated.

17. Despite this knowledge, Defendant's collectors continued to place calls to Plaintiff attempting to collect the debt she did not owe.

18. On a later occasion when it called against her wishes, Defendant's collector threatened Plaintiff after expressing that she had participated in credit card fraud by being associated with the actual debtor, the boyfriend.

19. Defendant's collector threatened Plaintiff with "jail time" if she did not pay the debt which Plaintiff does not owe.

20. Based upon the above it is averred that Defendant acted with intent to deceieve, intimidate, annoy, harass, upset, and coerce payment from Plaintiff, knowing that the debt was not hers.

**COUNT I**
**DEFENDANT VIOLATED § 1692d OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

21. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

22. Section 1692d(2) of the FDCPA prohibits debt collectors from the use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.

23. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

24. Defendant violated §§1692d and 1692d(5) of the FDCPA when it harassed the Plaintiff by calling the Plaintiff continuously and repeatedly regarding a debt that Plaintiff does not owe, when it continued to contact Plaintiff with the knowledge that Plaintiff does not owe the alleged debt, and when it engaged in other harassing and oppressive acts.

25. Defendant violated §§1692d and 1692d(2) of the FDCPA when it threatened to have Plaintiff thrown in jail unless she paid a debt she does not owe, and when it engaged in other harassing and oppressive acts.

**COUNT II**
**DEFENDANT VIOLATED §§ 1692e, 1692e(5), 1692e(7) and 1692e(10) OF THE FAIR DEBT COLLECTION PRACTICES ACT**

26. Section 1692e of the FDCPA prohibits debt collectors from using false, deceptive, or misleading representation or means in connection with the collection of any debt.

27. Section 1692e(5) of the FDCPA prohibits debt collectors from threatening to take any action that cannot legally be taken.

28. Section 1692e(7) of the FDCPA prohibits the false representation or implication that the consumer committed a crime or other conduct used to disgrace the consumer.

29. Section 1692e(10) of the FDCPA prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

30. Defendant violated §§ 1692e, 1692e(5), and 1692e(10) of the FDCPA when it

sought to collect a debt from Plaintiff that she does not owe, and when it made additional false representations and deceptive acts seeking to collect a debt from Plaintiff that she does not owe.

31. Defendant violated §§ 1692e, 1692e(5), 1692e(7), and 1692e(10) of the FDCPA when it threatened to have Plaintiff thrown in jail without the legal authority to do so, and when it made additional false representations and deceptive acts seeking to collect a debt from Plaintiff that she does not owe.

**COUNT III**
**DEFENDANT VIOLATED § 1692f OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

32. Section 1692f of the FDCPA prohibits debt collectors from using any unfair or unconscionable means to collect or attempt to collect any debt.

33. Defendant violated § 1692f of the FDCPA when it sought to collect a debt from Plaintiff that she did not owe, when it continued to place telephone calls to Plaintiff with the knowledge Plaintiff did not owe the alleged debt, when it threatened to put Plaintiff in jail because of her association with the debtor, and when it engaged in other unfair or unconscionable means to collect or attempt to collect a debt from Plaintiff that she does not owe.

**COUNT IV**
**DEFENDANT VIOLATED THE § 392.302(4) OF THE**
**TEXAS FAIR DEBT COLLECTION PRACTICES ACT**

34. Section 392.302(4) of the Texas FDCPA prohibits debt collectors from causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

35. Defendant violated § 392.302(4) of the Texas FDCPA when it caused Plaintiff's

telephone to ring repeatedly and continuously with the intent to harass or annoy Plaintiff.

## COUNT V
## DEFENDANT VIOLATED § 392.303(a)(2) OF THE
## TEXAS FAIR DEBT COLLECTION PRACTICES ACT

36. Section 392.303(a)(2) of the Texas FDCPA prohibits debt collectors from using unfair or unconscionable means to collect a debt.

37. Defendant violated § 392.303(a)(2) when it sought to collect a debt from Plaintiff that she did not owe, when it continued to place telephone calls to Plaintiff with the knowledge Plaintiff did not owe the alleged debt, when it threatened to put Plaintiff in jail because of her association with the debtor, and when it engaged in other unfair or unconscionable means to collect or attempt to collect a debt from Plaintiff that she does not owe.

WHEREFORE, Plaintiff, SHEENA LEBLANC, respectfully prays for a judgment as follows:

  a. All actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
  b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A) and statutory damages of $100.00 for the violation of the Tex. Fin. Code Ann. § 392 *et. seq*. pursuant to Tex. Fin. Code Ann. § 392.403(e);
  c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3) and Tex. Fin. Code Ann. § 392.403(b); and
  d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, SHEENA LEBLANC, demands a jury trial in this case.

DATED:  November 4, 2013         KIMMEL & SILVERMAN, P.C.

                                          By:  /s/ Amy L. Bennecoff
                                              Amy L. Bennecoff
                                              Kimmel & Silverman, P.C.
                                              30 E. Butler Avenue
                                              Ambler, PA 19002
                                              Tel: 215-540-8888
                                              Fax: 215-540-8817
                                              Email: abennecoff@creditlaw.com